## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**BOBBY MCCALL,** *ET AL.*                                                                 **PLAINTIFFS**

**VS.**                                                          **CIVIL ACTION NO. 4:04CV122LS**

**LOCKHEED MARTIN CORPORATION and**
**LOCKHEED MARTIN AERONAUTICAL**
**SYSTEMS COMPANY**                                                              **DEFENDANTS**

## ORDER

This matter came before the court on the Plaintiffs' Motion to Compel Defendants' Responses to Plaintiffs' "Global" Interrogatories Propounded to Defendants. The court has reviewed the Motion and notes that the Plaintiffs have largely failed to comply with Unif. Local R. 37.1(B), which requires the party seeking to compel discovery responses to quote verbatim every request at issue, as well as stating the specific objection, the grounds assigned for the objection, and the argument supporting the motion for each request. The arguments may not be "may not be general in nature." Because this deficiency was not discovered until the response had been submitted and the time for filing a rebuttal had passed, the court will endeavor, where possible from the material in the motion, to rule on the requests at issue.

What can be determined from the Plaintiffs' Motion is that the Defendants have responded to their production requests largely through the use of general objections, to which they have referred in many, if not all, of their discovery responses. Fed. R. Civ. P. 33(b)(4) requires that "grounds for an objection to an interrogatory shall be stated with specificity." Additionally, Rule 34(b) requires that, in an objection to production of documents, "the reasons for the objection shall be stated." In this District, the  prohibition against general objections has been long established. *See, e.g.,*

*Wurlitzer Co. v. E.E.O.C.*, 50 F.R.D. 421, 424 (N.D. Miss. 1970) ("It was well-settled under the federal rules . . . that in conventional lawsuits . . . objections to interrogatories had to be specific, and general objections that the information sought was irrelevant, immaterial, oppressive, conclusory or already in possession of the requesting party were insufficient."); *Carr v. Conoco Plastics*, No. EC 6861-S, 1969 WL 104, at *2 (N.D. Miss. June 16, 1969) (quoting 4 Moore's Federal Practice, § 33.20, pages 2366, *et seq.*, "A general objection that interrogatories are onerous and burdensome and require the party to make research and compile data raises no issue.  The objection must make a specific showing of reasons why the interrogatory should not be answered.").  jurisdictions agree. *See, e.g., Fisher v. Baltimore Life Ins. Co.*, ___ F.R.D. __, 2006 WL 898121 (N.D.W.Va. Mar. 31, 2006); *Jackson v. Geometrica, Inc.*, No. 3:04CV640J20HTS, 2006 WL 213860 at *1 (M.D. Fla. Jan. 27, 2006); *Powerhouse Marks, L.L.C. v. CHI HSIN Impex, Inc.*, No. Civ. A. 04CV73923DT, 2006 WL 83477 (E. D. Mich. Jan. 12, 2006); *Doe v. Hemophilia Found.*, 194 F.R.D. 516, 520 (D. Md. 2000); *High Tech Communications, Inc. v. Panasonic Co.*, Civ. A. No. 94-1477, 1995 WL 133344, at *2 (E.D. La. Mar. 24, 1995); *Eureka Financial Corp. v. Hartford Accident and Indemnity Co.*, 136 F.R.D. 179, 182 (E.D. Cal. Mar. 27, 1991) and the cases cited therein.  The use of these general objections may be, in part, responsible for the Plaintiffs' inability to conform their Motion to Local Rule 37.1(B).  Therefore, the Defendants will be required to provide an additional response to all of the discovery requests at issue, with each response to be self-contained and specific.  As to the merits of the Plaintiffs' requests, the court's ruling is as follows:

**Interrogatory Nos. 1-11, 14, 16, 18, 20, 21, 22, 23, 24, 25, 26, 30, 31, 33, 34, 35, and 37:**
There is insufficient information provided as to either the request or the response, or both, for the court to make an informed ruling on the merits of these Interrogatories, as both the requests and the

responses have been summarized or quoted incompletely.  The Motion to Compel will be denied as

to the substance of these Interrogatories at this time; however, the Defendants will be required to

make additional responses, as explained above.

**Interrogatory No. 13:**  This Interrogatory sought agreements between the Defendants and

any other person or entity "relating to the subject matter of the present action."  The Defendants

objected on grounds of several of the "general objections," identified by number, but then agreed to

produce "responsive agreements."  This answer is insufficient, as it is not clear whether any

responsive documents have been withheld, or the specific basis for withholding any responsive

documents.  The Motion to Compel will be granted as to this Interrogatory, and the Defendants will

be required to submit a self-contained response, as well as specifically identifying any documents

withheld by reference to a privilege log prepared in accordance with Fed. R. Civ. P. 26(b)(5)  and

Unif. Local R. 26.1(A)(1)(b).

**Interrogatory No. 15:**  This Interrogatory seeks information on "race-based complaints."

The Defendants interjected several general objections, but identified "those incidents described in

*Business Ethics Helpline Contact log,"*  as well as other "materials which may have responsive

information."  This answer is insufficient, as it does not contain the information requested, but only

refers the Plaintiffs to other documents, rather than answering "separately and fully," as required by

Fed. R. Civ. P. 33(b)(1).  The Plaintiffs complain that the answer does not specify the whereabouts

of the documents or the type of information contained therein; however, the limited information

provided by the Plaintiffs as to the request does not indicate that they asked for either.  Thus, the

Motion to Compel will be granted in part and denied in part as to this Interrogatory, insofar as the

Defendants will be required to make a complete response to the request, as it was propounded by the Plaintiffs.

**Interrogatory No. 27:**   This Interrogatory asks the Defendants to identify all violations of their policies committed by Douglas Paul Williams.   The Defendants cited several general objections, then objected on grounds of overbreadth.   Subject to this objection, the Defendants agreed to produce "all information concerning relevant violations of company policy about which management was aware and which are documented . . . ."  The remainder of their objection was not quoted in the Motion.  The court agrees that the request, as worded, could be construed to seek information not relevant to this action; however, it also agrees that the Defendants should not be permitted to make the determination as to relevance.  Therefore, the Motion to Compel will be granted as to this Interrogatory, to the extent that the Defendants will be required to either state that they have given the Plaintiffs all information responsive to this request, or, if information is withheld, to present it to the court for an *in camera* inspection and a determination as to whether it should be served on the Plaintiffs.

**Interrogatory No. 32:**   This Interrogatory is not quoted in its entirety, but it seeks information on security measures implemented at the facility since January 1, 1993.  The Defendants objected on several grounds, including the general objections and the inadmissibility of subsequent remedial measures under Fed. R. Evid. 407.  The fact that evidence may be inadmissible does not, necessarily, preclude a party from seeking it during discovery.   Moreover, such evidence is admissible for certain purposes.  Apparently, the Defendants have responded for the time frame of January 1, 1998, through July 8, 2003.  The Motion to Compel will be granted as to this Interrogatory for the time period sought.

**Interrogatory No. 36:**   This Interrogatory seeks information on the Defendants' net worth. Fair and reasonable parameters of discovery on the issue of the net worth of a Defendant is a difficult issue for a court.  Certainly, where punitive damages are appropriate, the wealth of a Defendant is a legitimate element of inquiry and proof.  A Plaintiff should be allowed an adequate opportunity to prove a legitimate punitive damage claim.  On the other side of the balance, by simply inserting a claim for punitive damages in a pleading, a plaintiff should not be able to have *carte blanche* access to the private financial life of a defendant.  A reasonable balance is struck by requiring the Defendants to bring to trial a sworn financial statement, fairly outlining, under the penalty of perjury, the Defendant's assets, liabilities, and net worth.  Thus, the Motion to Compel will be granted as to this Interrogatory, but only to the extent that the financial statement shall be held and maintained as private by the Defendant and the Defendant's attorney until such time as the court rules that punitive damages are an appropriate subject for the jury's consideration.

IT IS, THEREFORE, ORDERED that the Plaintiffs' Motion to Compel Defendants' Responses to Plaintiffs' "Global" Interrogatories Propounded to Defendants is hereby **granted** in part and **denied** in part, as explained above.  The Defendants shall provide amended responses to the Plaintiffs' Interrogatories on or before June 23, 2006.

IT IS SO ORDERED, this the 12th day of June, 2006.

S/John M. Roper
UNITED STATES MAGISTRATE JUDGE

5