**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**BOBBY MCCALL,** *ET AL.*                                                                    **PLAINTIFFS**

**VS.**                                                         **CIVIL ACTION NO. 4:04CV122LR**

**LOCKHEED MARTIN CORPORATION and
LOCKHEED MARTIN AERONAUTICAL
SYSTEMS COMPANY**                                                                           **DEFENDANTS**

## ORDER

This matter came before the court on the Plaintiffs' Motion to Compel Testimony and Production of Documents, Disclosure and Discovery of Kenneth R. Schneider, Ph.D., as well as Dr. Schneider's Motion for Protective Order. Dr. Schneider is a licensed psychologist practicing in Mississippi who has treated numerous employees of Lockheed's Meridian facility. Some of those patients are Plaintiffs in these related actions, while others are not. Dr. Schneider was deposed during discovery in these matters, and counsel for Lockheed instructed him to refuse to answer certain questions. That refusal has resulted in these Motions, which present to the court the issue of the reach of Mississippi's Psychotherapist-Patient Privilege.

Fed. R. Evid. 501 provides that, in a case where jurisdiction is grounded on diversity of citizenship, the law of the forum state applies to questions of privilege. *In re Avantel, Inc.*, 343 F.3d 311, 323 (5th Cir. 2003). Mississippi recognizes a privilege for confidential communications made by a patient to a psychologist, which belongs to the patient, but which may be asserted by either. Miss. R. Evid. 503; *see also* Miss. Code Ann. § 73-31-29 (1972 & Supp. 2006). The fact that Lockheed may have paid for the treatment gives it no more standing than a third party, and that payment does not divest the employees, who were the actual patients, of control over the privileged

information.  *Roman Catholic Diocese v. Morrison*, 905 So. 2d 1213, 1244 (Miss. 2005).  Of course, the privilege may be waived, either generally or for a limited purpose, as when a party to a lawsuit places any aspect of his mental or emotional condition in issue.  *Id*.; Rule 503(f).  In this case, the Plaintiff patients have tendered waivers of that privilege.

Lockheed apparently attempted to assert the privilege during Dr. Schneider's deposition, and it has tendered a pleading in opposition to the Plaintiffs' Motion to Compel.  To the extent that the pleading argues that the requested information was privileged, Lockheed has no standing to object to discovery sought from a third party when it has "not alleged any personal right or privilege with respect to the materials subpoenaed."  *Brown v. Braddick*,  595 F.2d 961, 967 (5th Cir.1979); *accord Garrett v. Blanton*, No. 89-4367, 1993 WL 262697, at *5 (E.D.La. July 6, 1993); 9A C.A. Wright & A.R. Miller, *Federal Practice and Procedure* § 2459, at 41 & cases cited nn. 15, 16 (2d ed. 1997) ("Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action unless the party claims some personal right or privilege with regard to the documents sought.").

Lockheed may, as a party, raise the issue that some of the questions, which sought information pre-dating the shooting, were not within the bounds of permissible discovery, as temporally too remote.  However, consistent with the court's earlier rulings, to the extent that the privilege was waived by the parties to this lawsuit, Dr. Schneider should have been permitted to testify as to matters occurring before 2003.  To that extent, therefore, the Motion to Compel is granted, and Dr. Schneider should be required to appear at another deposition, if the Plaintiffs choose to depose him again.

With regard to the privilege issue, Dr. Schneider has properly raised it in his Motion for Protective Order. He will not be required to answer questions regarding the treatment of any patients who have not waived the psychotherapist/patient privilege. The court is not aware of any authority that would permit a recipient of confidential communications to aggregate those communications and disseminate them as part of a group response. Thus, Dr. Schneider should not be required to answer general questions seeking information that would come from individual sessions with patients who are not parties to this lawsuit; e.g., "Have any employees commented on workplace violence?" With regard to Dr. Schneider's opinions on the working environment at the Lockheed plant, the court is not aware that he has been named as an expert, nor does it appear that he has any information about those conditions that would come from any other source than his patients. Therefore, he should only be required to respond if he can formulate an answer from the patients who were parties.

IT IS, THEREFORE, ORDERED that the Plaintiffs' Motion to Compel Testimony and Production of Documents, Disclosure and Discovery of Kenneth R. Schneider, Ph.D. and Dr. Schneider's Motion for Protective Order are hereby **granted** in part and **denied** in part, as explained above.

IT IS SO ORDERED, this the 2nd day of August, 2006.

    S/John M. Roper
UNITED STATES MAGISTRATE JUDGE